D'Arata v New York Post (2024 NY Slip Op 02141)

D'Arata v New York Post

2024 NY Slip Op 02141

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 101414/21 Appeal No. 2121 Case No. 2023-03919 

[*1]Vincent D'Arata, Plaintiff-Appellant,
v
The New York Post, Defendant-Respondent.

Vincent D'Arata, appellant pro se.
Davis Wright Tremaine LLP, New York (Laura Handman of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about June 27, 2023, which granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.
Plaintiff argues that he has a viable libel claim based on a 2009 police blotter article that appeared in defendant's newspaper, and thereafter continuously on its online website, which reported his 2009 arrest. The statute of limitations for a libel claim is measured one year from the date of publication, not discovery (see CPLR 215[3]; Gregoire v Putnam's Sons, 298 NY 119, 123 [1948]; Casa de Meadows Inc. [Cayman Islands] v Zaman, 76 AD3d 917, 920 [1st Dept 2010]). Nonetheless, plaintiff argues that defendant's continuous "republishing" of the article online, notwithstanding that the criminal charge against him was ultimately dismissed and the record sealed approximately six months after his arrest, renders the action timely. This argument is unavailing as the single publication rule applies to plaintiff's libel action, which was commenced in December 2021, well beyond the one-year limitations period provided in CPLR 215(3) (see Firth v State of New York, 98 NY2d 365, 369 [2002]; Biro v CondÉ Nast, 171 AD3d 463 [1st Dept 2019]; Martin v Daily News L.P., 121 AD3d 90, 103 [1st Dept 2014], lv denied 24 NY3d 908 [2014]).
Moreover, plaintiff fails to state a viable libel claim as there is no basis in the record, including the pleadings, to conclude that the absolute privilege to which defendant news reporter would be entitled under the circumstances does not apply to the challenged publication (see NY Civil Rights Law § 74; Hayt v Newsday, LLC, 176 AD3d 787 [2d Dept 2019]). Plaintiff's conclusory allegation that defendant's publication of his arrest in its police blotter section was "malicious," without more, is insufficient to allege actual malice, which is fatal to his defamation per se claim (see Cohn v National Broadcasting Co., 67 AD2d 140, 146 [1st Dept 1979], affd 50 NY2d 885 [1980], cert denied 449 US 1022 [1980]; see also Carey v Carey, 220 AD3d 477 [1st Dept 2023]). Plaintiff does not deny that he was arrested, and there is no basis in the article to infer that the proceedings in connection with the arrest went beyond the arrest itself.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024